■ In the Matter of CITIZENS TO SAVE MINNEWASKA, SOCIETY FOR PRESERVATION AND RESTORATION OF THE ULSTER COUNTY ENVIRONMENT, LTD., et al., Appellants, v ULSTER COUNTY et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered June 9, 1980 in Ulster County, which dismissed a combined article 78 proceeding and declaratory judgment action seeking to invalidate resolutions of the Ulster County Legislature and the Town Board of the Town of Rochester. Petitioners seek to declare null and void certain local laws and resolutions passed by respondents recommending real property tax exemptions in the Town of Rochester, Ulster County. The final granting of a certificate of eligibility for tax exemption is made by the New York State Job Incentive Board (JIB) pursuant to sections 120 and 121 of the Commerce Law. Article 8 of the Environmental Conservation Law requires that an environmental impact statement (EIS) be prepared prior to the taking of any action by any governmental agency which may have a significant effect upon the environment. Upon application by the Marriott Corporation for tax exemptions in connection with its proposed development and construction of a multi-million dollar Marriott Convention Center at Lake Minnewaska in the Town of Rochester, Ulster County, respondents Ulster County and the Town of Rochester, in 1979, each passed the favorable local laws and resolutions sought. At the times of passage, no EIS was in existence. On October 11, 1979, the Department of Environmental Conservation (DEC) determined that the project required an EIS. Petitioners commenced this combined article 78 proceeding and declaratory judgment action seeking to declare the resolutions of the Ulster County Legislature and the Town Board of the Town of Rochester illegal, null and void and to enjoin the legislature, town board and Board of Education of the New Paltz Central School District from passing any resolutions concerning the project until an EIS has been completed. Special Term granted the county's motion to dismiss the proceeding as against all respondents on the ground that the determinations were nonfinal until the JIB issued its certificate of eligibility for tax exemption, and dismissed the action because no justiciable controversy existed concerning the subject matter until petitioners' rights were placed in jeopardy by respondents. This appeal ensued. Subsequent to the judgment, three events occurred. On June 2, 1981, DEC filed its EIS on the project; on August 24, 1981 the appeal was discontinued against the town by written stipulation after the town board rescinded its resolution; and, on September 10, 1981, the county legislature passed a second resolution (No. 305 for the year 1981) recommending that JIB issue the certificate of eligibility for tax exemption to Marriott. On September 25, 1981, respondent County of Ulster moved in this court to dismiss the pending appeal as moot. The county's motion should be granted and this appeal dismissed as moot. Petitioners concede that they have no basis for appeal against the Town of Rochester which has rescinded its resolution, or the New Paltz Central School District which admittedly never took specific action to pass a resolution concerning the subject project. The entire thrust of the appeal is centered upon the county legislature's passage of the 1979 resolution without the prerequisite EIS. This statutory requirement has now been fulfilled and a resolution properly enacted rendering the issue moot. Petitioners' contention that the September 2, 1981 hearing, conducted by the county

legislature prior to the passge of Resolution No. 305, was improperly restricted is without merit. Nor does this case present a question of significant public interest likely to recur which requires judicial clarification *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). By the County's passage of the 1981 resolution, the invalid 1979 resolution was rendered meaningless. Motion to dismiss appeal as moot granted, without costs. Mahoney, P: J., Kane, Yesawich, Jr., Weiss and Herlihy, JJ., concur.