■ ALBERT M. PANARIELLO, Respondent, v PETER DEMETRI et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination by the Planning Board of the Town of Pawling not to approve petitioner's subdivision plat, the board appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated July 7, 1982, which, upon reargument, vacated its prior judgment, granted the petition, annulled the determination of the board and directed it to approve the proposed plat. Order reversed, on the law and the facts, with costs, and, upon reargument, the original determination is adhered to. Petitioner may reapply to the planning board for subdivision approval of its parcel, in accordance herewith. The petitioner sought planning board approval of a proposed subdivision whereby his 12-acre parcel would be divided into one eight-acre plot and one four-acre plot. His initial application to the planning board was rejected upon the ground that the proposed plan lacked the legally required minimum road frontage. In fact, the

proposed four-acre rear lot had no road frontage whatsoever and, as proposed, was landlocked. After said application was denied, the petitioner applied to the town's zoning board of appeals for a variance. The minutes of the hearing on that application which was conducted on August 24, 1981 reveal that questions were raised as to whether the petitioner was seeking to be relieved of road frontage requirements along an existing town road or whether the petitioner was seeking to be permitted to use an adjoining, private right of way for access to his proposed subdivision. Indeed, the zoning board viewed the questions raised as being serious enough to compel it to defer making any decision on the application until the matter could be discussed with the town attorney. At a September 8, 1981 meeting of the zoning board, said board noted that it had "been in contact with the Town Attorney and the case has been reviewed thoroughly" and then passed a motion (with one dissent) granting the variance "as requested" by the petitioner. Armed with the variance, petitioner reapplied to the planning board for approval of his proposed two-lot subdivision. Petitioner's renewed application to the appellant planning board was denied because the "application for the variance was unclear and the decision of the Zoning Board of Appeals did not specify exactly what a variance was granted for". This proceeding ensued. By decision and judgment (one paper) dated February 19, 1982, Special Term dismissed the petition, finding that the planning board did not act arbitrarily or capriciously in denying the subdivision application on the ground that the petitioner's application for a variance and the zoning board's grant of the variance were both unclear. The court stated, in part, "[t]his Court has read the entire record submitted and is likewise unsure as to the type of variance granted, the reasons for granting the variance, and the exact purpose for which the same was granted". Upon reargument, Special Term reversed itself and annulled the planning board's determination, concluding that the board knew that the zoning board of appeals had granted the variance on the basis of no frontage on a town road. Special Term further concluded that the zoning board's decision indicated an intent to allow the petitioner to use the adjacent private right of way as access to the proposed four-acre plot. Having so found, Special Term directed the planning board to approve the subdivision plat and to indorse its approval on the final map for filing. We hold that Special Term erred (1) in concluding that the planning board acted in an arbitrary and capricious manner and (2) in directing the board to approve the subdivision and to indorse the approval on the proposed map. A variance is designed to authorize a specific use of property in a manner otherwise proscribed. In view of the confused state of the record giving rise to serious questions involving the scope and nature of the variance granted to petitioner herein it can hardly be said that the planning board acted arbitrarily in refusing to approve the petitioner's subdivision plat. On the contrary, the board was justified in disapproving the renewed application; Special Term's initial conclusion was the correct one; and it erred in subsequently annulling the board's determination. Petitioner may, upon obtaining a clarification from the zoning board as to the nature of the variance granted, reapply to the board for subdivision approval of the parcel. Special Term committed further error when it directed the planning board to approve the subdivision plat as submitted and to "endorse its approval upon the final map for filing with the Dutchess County Clerk". Even assuming, *arguendo,* that the variance granted had been unambiguous and that the rough sketch of petitioner's property could be characterized as a preliminary or final plat, which is questionable (see Town Law, § 276, subd 2, pars [a], [b]), the matter would still have to have been remitted to the planning board for consideration of the imposition of any pertinent conditions or requirements (Town Law, § 277). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.