■ FRED REED et al., Appellants, v PLANNING BOARD OF THE TOWN OF CHESTER, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Chester denying, after a hearing, the petitioners' application for preliminary subdivision approval, the petitioners appeal from a decision and order (one paper) of the Supreme Court, Orange County (Ferraro, J.), dated April 24, 1985, which confirmed the determination and dismissed the proceeding. The petitioners' notice of appeal from the decision and order is deemed to be a premature notice of appeal from a judgment of the same court, dated June 5, 1985, entered upon said decision and order (CPLR 5520 [c]).

Appeal from the decision and order dated April 24, 1985, dismissed (see, Matter of Aho, 39 NY2d 241, 248).

Judgment reversed, on the law, order vacated, and petition granted to the extent of annulling the determination under review and directing the respondent to grant the application, subject to such reasonable conditions as to it may seem proper. The matter is remitted to the respondent for a new determination in accordance herewith.

The respondent is awarded one bill of costs.

The petitioners are the owners of approximately 2.4 acres of property in a subdivision of the Town of Chester known as the Murray Tract. They applied to the Planning Board of the Town of Chester pursuant to Town Law § 276, for preliminary approval of a plan to subdivide their property into two parcels, unequal in size. In January 1981 the Board rejected the application for the following reasons: (1) the proposed subdivision would not be in harmony with the surrounding area, (2) Orange County had disapproved the petitioners' plan, (3) the petitioners' application did not meet the technical specifications required by the town's subdivision regulations, and (4) the proposed subdivision did not have the approval of other residents in the Murray Tract, as required by the town's subdivision regulations.

Rather than seek judicial review of this determination, the petitioners submitted a second application to the Board which sought to divide the property into two parcels of equal size, and which attempted to comply with the technical requirements of the subdivision regulations. When the Board declined to consider the second application, the petitioners commenced

a series of CPLR article 78 proceedings which resulted in orders directing the Board to review the application, conduct a public hearing, and issue a formal determination. The Board stood by its rejection of the petitioners' application.

The petitioners again applied for preliminary subdivision approval and, after a public hearing, again met with rejection by the Board for the following reasons: (1) the petitioners had failed to "demonstrate viable change" in their plans, (2) similar subdividing of other properties in the Murray Tract would necessitate the installation of central water and sewer systems, (3) local residents had complained of sewerage problems in the tract and in the immediate area of the petitioners' property, (4) the construction of an additional well in the area would deplete ground water supplies, (5) the petitioners' subdivision would not be in harmony with the area, and (6) the recent approval of the petitioners' application by the Orange County Department of Planning and Development was "unsupported and unexplained". When Special Term dismissed the petitioners' application to annul the Board's latest denial, this appeal ensued.

The Planning Board of the Town of Chester is empowered to review and pass upon an application for preliminary subdivision approval which is materially different from a previously rejected application *(see, Panariello v Demetri,* 99 AD2d 770; *see also, Matter of Hayes v Gibbs,* 89 AD2d 656; *Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals,* 61 AD2d 1070). The Board gave consideration to the petitioners' latest application, but denied preliminary approval because, *inter alia,* the Board found no material differences between it and prior applications. This determination is not supported by the record. In addition to a change in lot size, the petitioners' latest application had the approval of the Orange County Department of Planning and Development and apparently met the technical specifications set forth in the Town of Chester's subdivision regulations. Thus, the petitioners cured at least two of the Board's initial objections.

In reaching the other reasons cited by the Board for rejection of the petitioners' latest application, we find that there was insufficient proof to support the Board's determination that the petitioners' proposed construction would overburden the area's sewage disposal and water production capabilities.

The Board merely relied upon generalized complaints by local residents voiced at various public hearings and a conclusory statement by the town's engineer that he believed "that additional housing could cause serious problems". By compari-

son, the petitioners provided the Board with an engineer's evaluation of their present and proposed sewage and water systems, in which he found those systems capable of accommodating the second house which the petitioners planned to build on their property. Subsequently, the Orange County Department of Health issued a certificate of approval of the petitioners' subdivision plans.

The Board also cannot deny the petitioners' subdivision approval upon the mere speculation that similar subdividing of all the properties would necessitate the installation of central water and sewer facilities. We recognize that the Board is justifiably concerned with the environmental and economic impact of increased development of the area. We find, however, that since the petitioners have complied with all existing regulations, the Board may not unconditionally restrict all future development (see, Harbor Farms v Nassau County Planning Commn., 40 AD2d 517, 518).

The Board's finding that the creation of two lots of approximately 1.2 acres each would destroy the harmony of the surrounding area is also unsupported by the evidence. "While, in exercising its authority to grant or deny approval of a subdivision, a planning board may consider the impact of the proposed development on adjacent territory * * * a denial must be premised on clear findings of deleterious changes that adversely affect the adjoining area" (Matter of Van Euclid Co. v Sargent, 97 AD2d 913, 915; see, Sackson v Zimmerman, 103 AD2d 843). Here, there was no evidence before the Board that the petitioners' proposed subdivision would adversely affect neighboring properties. We note that the petitioners' property and much of the surrounding area is, in fact, zoned for one acre lots.

The Board's final finding, that the approval of the petitioners' application by the Orange County Department of Planning and Development was "unsupported and unexplained", is an insufficient ground upon which to deny the application since the petitioners were under no obligation to explain the county Planning Board's actions. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.