■ In the Matter of RHEA VISCIO, Respondent, v TOWN OF GUILDERLAND PLANNING BOARD, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Conway, J.), entered July 28, 1987 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying approval of petitioner's building subdivision plan.

Petitioner proposes to develop part of a 9-lot residential subdivision on a 19-acre tract owned by his father and located at the northwest corner of the intersection of Church Road and Lydius Street in the Town of Guilderland, Albany County. In October 1985, petitioner applied to respondent for the necessary subdivision plan approval. Petitioner proposed to build 3 two-family homes (duplexes) on 3 lots along Lydius

Street (including the corner lot) and 4 single-family homes* along Church Road. Each lot would have a driveway or "curb cut" onto Church Road or Lydius Street. One other lot on Church Road contains an existing residence. The remainder of the parcel, which contains most of the tract, is behind the other lots and contains a small amount of road frontage. For financial reasons, petitioner was not seeking to develop the largest lot. The uses sought by petitioner are permitted uses under the town's zoning ordinance.

Petitioner met at least eight times with respondent in connection with the application and corresponded with town officials regarding water and sewer service, drainage, traffic and environmental impact. Various town officials approved of the subdivision as it impacted on their area of jurisdiction. At the meetings before respondent, it appeared that certain of respondent's members were not in favor of two-family homes, although they were allowed in the zone and there were other such homes located some 600 feet from the proposed development.

Beginning with a meeting in January 1987, respondent expressed concern regarding petitioner's future plans and requested that petitioner submit a proposed plan for the entire tract. Petitioner submitted a plan for a "cluster" development on the large undeveloped lot with an internal road network and one access way onto Lydius Street. The plan with regard to the other lots was not changed. The town's planning consultant, engineer and highway superintendent approved the plan, including the layout for possible future development. However, at subsequent meetings, it became apparent that respondent was concerned with an over-all plan for the development of the entire tract, rather than just a piecemeal subdivision, and it was also concerned with reducing the number of curb cuts onto Church Road and Lydius Street since it was expected that traffic on those streets was going to increase in the future. Various members of respondent continued to express dissatisfaction with the projected use of two-family homes. Petitioner made several attempts to comply with respondent's requests to modify his proposal, but did not make any major changes to incorporate an internal road network to reduce the curb cuts.

Ultimately, on April 22, 1987, respondent voted unanimously to deny petitioner's application. Petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to

---

* The original plan for 3 single-family homes was changed to 4.

review, seeking to annul respondent's decision and to compel it to approve his application. Supreme Court granted the petition, and this appeal by respondent ensued.

Initially, we find that respondent acted arbitrarily and capriciously in requiring petitioner to include on the plan a proposal for development of the entire tract. Petitioner offered a plan which subdivided the tract into nine lots. Petitioner had no plans to develop the largest lot and, accordingly, the plan showed no planned development on that lot. At the hearings, petitioner made it clear that he had no immediate plans to develop that lot because of the expense which would be involved. His only tentative plan was to build a house for himself somewhere on the lot. While respondent certainly had the authority to require petitioner to amend his plan, it was required to act on the basic plan that petitioner submitted to it. It was improper to require him to prepare an additional plan for the development of a lot which he did not then intend to subdivide or develop. Certainly, respondent has a legitimate interest in the development of the area as a whole and may take steps to ameliorate the possible negative aspects of piecemeal development. Further, respondent may take into account the effect of a proposed subdivision on adjoining land. However, respondent may not force an individual to develop, or to plan to develop, lands which the individual has chosen not to develop. If, in the future, petitioner decides to subdivide the large lot, respondent will then have the opportunity to pass on his plan with an eye toward its effect on all adjoining land, including the lots he currently seeks to develop.

Turning to the specific plan at issue, respondent's stated reason for denial was an excessive number of curb cuts onto Church Road and Lydius Street. However, petitioner alleged, and Supreme Court found, that the basis for respondent's denial was, in reality, its opposition to the construction of duplexes on three of the lots. Since such is a permitted use under the zoning ordinance, respondent's denial was found by Supreme Court to be arbitrary. While it is clear that certain of respondent's members expressed, on the record, dissatisfaction with the proposal to build these duplexes, we would not go so far as to find that such was the real reason for the denial. Respondent's members were greatly concerned with the number of curb cuts onto Church Road and Lydius Street, two highways which were becoming busy thoroughfares. An excessive number of curb cuts onto such highways could present a traffic hazard, and this is a legitimate matter of concern for respondent. However, since we find that there is a

complete lack of any objective evidence in the record to support respondent's conclusion, it is clear that its decision has no rational basis.

A decision of a planning board will not be set aside unless it is arbitrary or unlawful *(see, Matter of Currier v Planning Bd., 74 AD2d 872, affd 52 NY2d 722)*, and a court will not substitute its discretion for that of the planning board *(Matter of Gronbach v Simpkins, 96 AD2d 1100)*. Petitioner offered the expert proof of a traffic engineer, who testified that the curb cuts proposed by petitioner presented little or no traffic impact. Further, respondent's designated engineer, the town highway superintendent and the town's planning consultant all approved the proposal with respect to traffic impact after certain modifications were made. No contrary evidence regarding traffic impact appears in the record. Nor was there any other evidence favoring a cluster design with an internal road network rather than a strip design. Thus, respondent's denial of petitioner's application was arbitrary and capricious and was properly set aside.

Finally, regarding the relief ordered by Supreme Court, where a planning board's decision is set aside, it is generally more proper to remit a matter for the imposition of pertinent conditions or requirements rather than to direct the planning board to issue final approval *(see, Panariello v Demetri, 99 AD2d 770, 771)*. However, in this case, it appears that petitioner has complied with all of the conditions imposed by respondent except for those which form the basis for this proceeding. Further, respondent does not raise any issues regarding the relief ordered on this appeal or suggest that remittal is necessary. Thus, Supreme Court's judgment is affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.