OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, and the determination of the Planning Commission reinstated.
When reviewing an application for a subdivision, the Syracuse Planning Commission is empowered to impose higher *848 planning and design standards than otherwise provided in the local regulation where "[it] finds that because of exceptional and unique conditions of topography, location, shape, size, drainage, or other physical features of the site, or because of the special nature and character of surrounding development, the minimum standards * * * would not reasonably protect or provide for public health, safety, or welfare”. (City of Syracuse Subdivision Regulations § D.) Here, after a public hearing, respondent Planning Commission denied petitioner’s application to resubdivide 14 substandard lots in a residentially zoned district into seven conforming lots. The proposed resubdivision included six rectangular residential lots and one irregularly shaped lot that would continue its prior nonconforming use as a parking area.
While correctly recognizing the Planning Commission’s power to impose higher than minimum standards, the Appellate Division majority erred in holding that there was no substantial evidence to support the Planning Commission’s determination. Relying on area maps, the proposed resubdivision map and testimony of concerned neighbors at the hearing, the Planning Commission noted particularly (1) the location of the resubdivision site, situated at the corner of two narrow streets, (2) the potential snow removal and drainage problems, (3) the existing neighborhood on-street parking problems, (4) the fact that the proposed resubdivision included a shared driveway between two residential lots and (5) the fact that the proposed resubdivision would have the entire side yard of a residential lot bordering on the parking lot. Accordingly, the Planning Commission concluded that the public health, safety and welfare would be more reasonably protected by requiring that the proposed resubdivision contain only five residential lots, whose rear yards would border the parking lot, in order to provide a better buffer between the residential lots and the parking lot, to provide more sufficient off-street parking and to provide for more adequate snow storage and drainage. The Planning Commission’s determination is supported by substantial evidence, is rational and must be upheld (see Matter of Pittsford Plaza Assocs. v Spiegel, 66 NY2d 717, 719).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacos A concur in memorandum.
On review of submissions pursuant to section 500.4 of the *849 Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, etc.