■ In the Matter of WALLKILL VALLEY ACRES, INC., Appellant-Respondent, v PLANNING BOARD OF THE TOWN OF SHAWANGUNK, Respondent-Appellant.—Harvey, J. Cross appeals from a judgment of the Supreme Court (Bradley, J.), entered June 17, 1987 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for subdivision plat approval.

In 1967, petitioner purchased a 63-acre parcel located on the east side of River Road in the Town of Shawangunk, Ulster County. Petitioner applied to respondent in 1978 for a subdivision consisting of a 1.66-acre lot which included a farmhouse; the balance of the property constituted the second lot. In its application, petitioner described an area designed as a proposed future road, which was intended to serve as a town road if the remainder of the property was developed. Respondent determined that a variance was required from the town's Zoning Board of Appeals since the 1.66-acre lot had no frontage on a public street and would therefore have to be accessed by an easement through the second lot. The variance was granted and, in 1979, petitioner conveyed the farmhouse property to Marcia and Alan White. The Whites also received, among other things, an easement to maintain and relocate the water and sewer lines.

Subsequently, petitioner applied to subdivide the portion of the property adjacent to River Road into 9 building lots. Following a meeting with respondent in February 1986, peti-

tioner made certain corrections in the subdivision plans to address problems raised by respondent. A public hearing on the matter was held in June 1986 and some opposition to the development was expressed. In July 1986, the acting Town Attorney recommended disapproval of the subdivision. Respondent thereafter disapproved petitioner's subdivision plat for essentially the following reasons: (1) the frontages of lots 3 and 4 were deemed inadequate; (2) the road proposed in 1978 needed to be constructed; and (3) lot 6 was overencumbered.

Petitioner then commenced the instant proceeding challenging respondent's determination. Supreme Court found that the first two reasons given by respondent for denial of the application were arbitrary. The court concluded, however, that the determination that lot 6 was overencumbered was rational. The court denied the application in its entirety. Petitioner appeals.[1]

The establishment of a planning board is within the discretion of the local government and, once established, such a board can lawfully exercise only the powers vested in it by the enabling legislation (see, 2 Anderson, New York Zoning Law and Practice §§ 18.01-18.05, 21.04, at 2-8, 69 [3d ed]). When the planning board acts within the scope of its authority, review of its determination is limited to the traditional narrow review of an administrative decision, i.e., whether the determination is arbitrary (see, Matter of Viscio v Town of Guilderland Planning Bd., 138 AD2d 795, 798; Lo Grippo v Whalley, 84 AD2d 829). Petitioner contends that respondent's determination that lot 6 was overencumbered with easements was irrational. Lot 6 contains easements for sewer and water lines to the Whites' property as well as for an existing driveway that serves the Whites' land. The driveway easement covers only a small part of the north edge of lot 6. Petitioner demonstrated that a 45-foot-long house would fit on the lot without encroaching on any of the easement rights.[2] Respondent did not attempt to explain how it deemed petitioner's

1. Respondent also filed a cross appeal. However, since the petition was dismissed in its entirety, respondent is not an aggrieved party. Although respondent disagrees with some of the analysis in Supreme Court's decision, this alone does not make it an aggrieved party (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 544-545; Matter of Kaplan v Rohan, 7 NY2d 884).

2. This demonstration assumed a 20-foot easement for the water and sewer lines, which was 10 feet wider than the recorded easement. The acting Town Attorney, however, had opined that the easements needed to be 20 feet wide.

demonstration that there was sufficient space for a residence to be inadequate. Respondent's determination was based on speculation and not on facts set forth in the record. Hence, the determination was arbitrary.

We agree with Supreme Court's conclusion that there was no basis in law for respondent's determination that lots 3 and 4 had insufficient frontage. Respondent determined that local regulations required at least 100-foot frontage and that a driveway which is part of the lot may not be included in this figure. Respondent has failed to indicate either a zoning ordinance or a subdivision regulation of the town which clearly sets forth a minimum road frontage requirement. Further, there is no authority for the exclusion of a driveway from such a figure. Here, when the driveway is added in, lots 3 and 4 have 100-foot frontages.

Respondent's denial of petitioner's application upon the ground that the proposed subdivision did not provide for construction of the road required by the 1978 variance was arbitrary. Petitioner is not seeking to develop the portion of the property affected by the 1978 variance. The property to be developed fronts River Road. Access to the lots will be directly from River Road and not from the road to be constructed when the remaining portion of the property is developed. The only lot which does not front River Road is lot 1, which is accessed by a separate driveway and would not be serviced by the proposed road. Further, the Whites' current right-of-way is adequate to provide them with access to their property until further portions of the property are developed and the new road constructed.

Judgment reversed, on the law, without costs, determination annulled, and petition granted. Kane, Levine and Harvey, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to affirm in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). Since, in our view, at least two of the reasons given by respondent for denial of petitioner's request for subdivision plat approval were both legal and had support in the record, its determination must be upheld.

A planning board's decision cannot be overturned absent "illegality, arbitrariness or abuse of discretion" (Matter of Collins v Carusone, 126 AD2d 847). A decision which has a rational basis in the record is not arbitrary (see, Matter of Highland Brooks Apts. v White, 40 AD2d 178, 181; cf., Matter of New York Tennis Assocs. v Town of Vestal, 97 AD2d 899, 900).

The town's zoning regulations provide for a "Minimum Lot Width" of 100 feet and a "Minimum Lot Depth" of 100 feet in a R-Ag 1 zone. It was not irrational for respondent to conclude that, for lots 3 and 4, which front on River Road, minimum lot width means road frontage. Both lots are almost exactly 100 feet wide. Lot 1, which is directly behind lot 3 and is land-locked, is also 100 feet wide. The "driveway" to which petitioner refers is an easement which runs the length of the border between lots 3 and 4 and extends 12½ feet onto each lot. This 25-foot "driveway" provides access to the prospective owners of lots 1, 3 and 4. Respondent's decision not to include the "driveway" in determining the minimum width requirement was clearly not irrational, but was eminently reasonable. This is not a "driveway" in the sense that it leads to a garage or parking area on a lot, but is a right-of-way which runs through lots 3 and 4 to lot 1 and provides common access to all three lots. If petitioner's subdivision plan had denominated the driveway a "road" and drew it as part of lot 1, or proposed to dedicate it to the town or in any other way drew it so that it was not part of lots 3 and 4, those lots would have been under the minimum width requirement. Petitioner cannot call the road a driveway and make it an easement as a subterfuge for avoiding the minimum lot width requirement. Certainly, respondent's manner of computing the minimum width of the lots cannot be said to be irrational.

Next, in 1978, petitioner agreed to build a proposed road between what are now lots 6 and 7 intersecting with River Road when and if the remainder of the property is developed. It is irrelevant that the property petitioner now seeks to develop may not be directly affected by the proposed road. We have recently stated that a planning board "has a legitimate interest in the development of the area as a whole and may take steps to ameliorate the possible negative aspects of piecemeal development" *(Matter of Viscio v Town of Guilderland Planning Bd., 138 AD2d 795, 797)*. The current subdivision attempt by petitioner represents the second step in the development of the 60-acre parcel and still only affects a small part of that parcel. It is both lawful and rational for respondent to consider the effect of the proposed subdivision on adjoining land and to take some steps to coordinate orderly future development. In this case, requiring petitioner to construct the proposed road would have the added effect of eliminating the easements which the Whites hold over lot 6. Their deed provides that such easements will terminate if the proposed road is built since it will provide both access and a

place for the water and sewer lines from the Whites' home to River Road to be relocated. Keeping this court's scope of review in mind, respondent's decision in this regard can hardly be termed irrational.

Since respondent offered two rational and proper reasons for denial of petitioner's application, its decision should not be disturbed. Accordingly, we would affirm Supreme Court's judgment dismissing the petition.