■ In the Matter of RONALD S. RONSVALLE, Respondent, v SUSAN BLUMENTHAL et al., Constituting the Board of Planning and Development of the City of Ithaca, Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered April 4, 1988 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Planning and Development of the City of Ithaca denying petitioner's application for subdivision approval.

In August 1987, petitioner filed an initial application for approval to subdivide a parcel of property in the City of Ithaca, Tompkins County. The lot, which was slightly over 6,000 square feet in size, had a nonconforming barn on it. Petitioner proposed to raze the barn and divide the property into two lots of approximately 3,000 square feet each. On each lot, petitioner proposed to build a two-family house. The parcel was located in an area where two-family houses were permissible. The proposed lots and buildings complied with all applicable zoning requirements, including area square footage requirements, boundary line requirements and parking space requirements. The city's Department of Planning and Development recommended conditional approval of the subdivision. Nevertheless, after holding several hearings, the Board of Planning and Development of the City of Ithaca (hereinafter Board) denied the application. The denial was based on perceived density increases, additional traffic, projected parking problems, a belief that the buildings would occupy too much space on the lots and that the buildings were inappropriate for the neighborhood.

Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking annulment of the Board's determination. Supreme Court found that the reasons offered by the Board for its decision were either inappropriate or arbitrary. The petition was thus granted and the application remitted to the Board with the direction that it be granted subject to such

pertinent and reasonable conditions that the Board might find proper and necessary. This appeal by the Board ensued.

A decision of a planning board, made within the scope of the authority granted it by the local government, will not be set aside unless it is arbitrary or unlawful *(Matter of Wallkill Val. Acres v Planning Bd.,* 139 AD2d 822; *Matter of Viscio v Town of Guilderland Planning Bd.,* 138 AD2d 795, 798). However, when a type of land development is authorized by local zoning regulations, an application cannot be denied because of fear of problems normally associated with such developments *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243-244; *Syracuse Bros. v Darcy,* 127 AD2d 588, 589; *see also, Matter of Ferrigan v Thompson,* 135 AD2d 953, 954, *appeal dismissed* 72 NY2d 854). The Court of Appeals has stated that "[t]he inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" *(Matter of North Shore Steak House v Board of Appeals, supra,* at 243). A board may not unconditionally restrict further development where the petitioner has complied with all existing regulations *(Reed v Planning Bd.,* 120 AD2d 510, 512). While a board may be specifically authorized by a local regulation to expand the applicable standards *(see, Matter of Nastri v Michel,* 71 NY2d 846, 848), the Board in this case has not asserted that it had such authority.

Here, the area is zoned for two-family houses and there is no dispute that petitioner's application complied with all relevant zoning requirements. The Board's denial of the application was properly annulled by Supreme Court since it was based on activities normally associated with two-family houses *(see, Syracuse Bros. v Darcy, supra,* at 589). Further, many of the findings made by the Board are not supported by substantial evidence in the record; the only evidence pointed to in support of the Board's decision are complaints voiced by neighbors at the hearings. While the testimony of concerned neighbors is relevant for some issues *(see, Matter of Nastri v Michel, supra,* at 848), it cannot, by itself, constitute sufficient evidence when voiced in generalized terms about matters requiring expertise *(see, Reed v Planning Bd., supra,* at 511-512; *Matter of Van Euclid Co. v Sargent,* 97 AD2d 913, 915). Review of the record reveals that the generalized complaints were, in many instances, insufficient to support the Board's findings.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.