■ In the Matter of BROOKLYN SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Respondent, v AMY NEUSTEIN, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of OZZIE ORBACH, Respondent, v AMY NEUSTEIN, Appellant. (Proceeding No. 2.)—In a proceeding pursuant to Family Court Act article 10 in which the mother was charged with neglect, and in a custody proceeding pursuant to Family Court Act article 6, which proceedings were jointly tried, the mother appeals from (1) an order of the Family Court, Kings County (Deutsch, J.), dated July 14, 1988, which dismissed the neglect proceeding, and (2) an order of the same court, dated November 21, 1988, which granted the father's petition for sole custody of the child, with unsupervised visitation to the mother.

Ordered that the appeal from the order dated July 14, 1988 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated November 21, 1988 is modified, by deleting the visitation provisions thereof; as so modified, the order dated November 21, 1988 is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing and new determination as to visitation; and it is further,

Ordered that pending that new determination, the mother shall have visitation supervised by the Victims Services Agency on each Thursday from 4:30 P.M. until 7:00 P.M. and on alternate Sundays from 11:30 A.M. to 7:00 P.M.

Because the mother was not aggrieved within the meaning of CPLR 5511 by the Family Court's dismissal of the neglect proceeding, the appeal from the order dated July 14, 1988 must be dismissed *(see, Matter of Kaplan v Rohan,* 7 NY2d 884; *Matter of Wallkill Val. Acres v Planning Bd.,* 139 AD2d

822; *Cherry v Koch,* 126 AD2d 346, 348). To the extent that the mother has raised objections to the Family Court's factual determination that she is guilty of emotional neglect, we note that we have not considered this finding in our disposition with respect to the order dated November 21, 1988.

With respect to the mother's challenge to the Family Court's custody determination, we find that the record fully supports the conclusion that it would be in the child's best interests to remain in the custody of her father *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242).

The mother additionally requests that this court enlarge her visitation rights. The mother refused to participate in the proceedings following the issuance of the order dated July 14, 1988. As a result, there is minimal evidence in the record regarding the issue of what visitation would be in the best interests of the child. Under the unique circumstances of this case, remittal of the matter to the Family Court, Kings County, for a hearing and new determination as to visitation is warranted. Pending that determination, the mother shall have supervised visitation with the child as set forth above *(see, Shulman v Shulman,* 117 AD2d 732).

We have examined the mother's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.