■ In the Matter of MARC SPAZIANI et al., Individually and on Behalf of SIXTH WARD IMPROVEMENT TASK FORCE, Appellants, v CITY OF ONEONTA et al., Respondents. [756 NYS2d 324] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered December 26, 2001 in Otsego County, which, inter alia, granted petitioners' application, in a proceed-

ing pursuant to CPLR article 78, to annul three ordinances of respondent City of Oneonta creating a new zoning classification.

On April 5, 2001, petitioners commenced this proceeding to have three ordinances passed by respondent City of Oneonta on March 6, 2001 declared null and void. The first two ordinances purported to amend the City's municipal code by adding a definition for "homeless shelter" and then adding homeless shelters to the list of permitted uses within a particular zone (i.e., the "RD-6" zone). The third ordinance purported to amend the City's zoning map by redesignating a particular parcel to be within the "RD-6" zone. Although Supreme Court rejected petitioners' claim that the City engaged in improper "spot zoning," it did find merit to their contention that the City failed to comply with the State Environmental Quality Review Act. Accordingly, the court annulled all three ordinances. Petitioners nevertheless filed a notice of appeal from that portion of the judgment "which dismissed [their] claim of illegal spot zoning."

Having achieved the ultimate relief sought before Supreme Court, namely, annulment of the ordinances passed on March 6, 2001, petitioners are simply not aggrieved by the judgment (*see* CPLR 5511) and therefore have no grounds for appeal (*see e.g. T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545). Although petitioners did not prevail on the issue of spot zoning, this does not render them aggrieved (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, *supra*; *Matter of Wallkill Val. Acres v Planning Bd. of Town of Shawangunk*, 139 AD2d 822, 823 n 1), particularly since neither the City nor the other respondent named in this matter appealed from the determination annulling the ordinances (*compare Matter of Medicon Diagnostic Labs. v Perales*, 145 AD2d 167, 170, *affd* 74 NY2d 539). In any event, we note that subsequent to the judgment in this proceeding, the City apparently conducted a full environmental review and passed three new ordinances permitting homeless shelters to be located within its boundaries with no judicial proceeding having been instituted by any party to challenge same. Such events most certainly render petitioners' current challenge to the March 2001 ordinances moot (*see e.g. Cornell Univ. v Bagnardi*, 68 NY2d 583, 592; *Nassau Suffolk Limousine Assoc. v City of New York*, 200 AD2d 386; *Gaetani v Grippen*, 183 AD2d 989, 990; *Matter of Citizens to Save Minnewaska v Ulster County*, 85 AD2d 794, 795).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, with one bill of costs.