OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court, Monroe County, reinstated.
Petitioner, the owner of a regional shopping center located in the Town of Pittsford, commenced this CPLR article 78 proceeding to annul the Town Board’s rejection of its site plan for the proposed construction of a seven-screen movie theatre. The Town Board action was taken pursuant to its retained authority over preliminary site plans (Pittsford Code § 15-228), upon the Town Board’s finding that the theatre project and the additional traffic it would generate would have an adverse impact on public health, safety and welfare, notwithstanding the Zoning Board of Appeals’ conditional approval of a special use permit.
Special Term dismissed the petition, but the Appellate Division reversed on the ground that the Town Board had exceeded its powers in effectively overruling the Zoning Board of Appeals. We disagree and reinstate Special Term’s judgment.
In Matter of Gershowitz v Planning Bd. (52 NY2d 763, 765, revg 69 AD2d 460, 474), the only authority cited by the Appellate Division in this case, we held that a Town Planning Board, as a delegate of a Town Board (see, Town Law §§ 274, 274-a), cannot withhold approval of a site plan on the ground that the Zoning Board of Appeals had erroneously construed the local zoning ordinance in granting a special permit for the *719 proposed use (see also, Rattner v Planning Commn., 103 AD2d 826; Mayo, Land Use Control, 33 Syracuse L Rev 401, 415). In this case, however, the Town Board did not deny a site plan as not being in compliance with the Pittsford ordinance. It disapproved the application under its independent powers expressly provided in the ordinance, namely the "adequacy and arrangement of vehicular traffic access and circulation” (Pittsford Code § 15-118 [b] [1]). Inasmuch as there is substantial evidence to support the Town Board’s determination, it is impervious to attack in the courts.
We would note, however, that the Appellate Division correctly rejected petitioner’s contentions that the Town Board lacks the power of final approval of preliminary site plans. The ordinance, enacted prior to the 1976 amendments to Town Law § 274-a, clearly authorizes it to do so and the Town’s Board retention of such control subsequent to the 1976 amendments is not in contravention of Town Law § 274-a (see, Town Law § 274; Webster Assoc. v Town of Webster, 112 Misc 2d 396, 403-404, affd 85 AD2d 882, revd on other grounds 59 NY2d 220).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.