■ In the Matter of APACHE ASSOCIATES, Appellant, v PLANNING BOARD OF THE VILLAGE OF NYACK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Village of Nyack dated August 5, 1985, which denied the petitioner's application for approval of an amended site plan, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Buell, J.), dated October 4, 1985, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination dated August 5, 1985, is annulled, and the respondent is directed to grant the application forthwith.

The respondent Planning Board of the Village of Nyack denied the petitioner's application for site plan approval *(see,* Village Law § 7-725) after a hearing. This determination was based, *inter alia,* on the respondent's finding that "approval of this amended site plan would not be in the best interests or *[sic]* the advancement of the health, safety and general welfare of the public in general and particularly of the residents of the immediate neighborhood". However, we have recently held that a planning board may not base its determination respecting an application for site plan approval solely upon its view of what is beneficial for the public health, safety and general welfare. Rather, a planning board must make a determination with reference to the specific design and layout factors enumerated in Village Law § 7-725 *(see, Moriarity v Planning Bd. of Vil. of Sloatsburg,* 119 AD2d 188, *lv denied* 69 NY2d 603). Accordingly, the determination now under review, which was made without any reference to the design and layout factors, must be considered arbitrary and illegal, and is accordingly annulled.

We also reject the respondent's attempt to justify its action on the ground that the petitioner's site plan was inaccurate. This issue was apparently raised for the first time after the hearing on the petitioner's application had been held. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.