■ RICHARD HILL, Individually and as President of the Williamsville Southeast Amherst Home Owners Association, Inc., et al., Appellants, v PLANNING BOARD OF THE TOWN OF AMHERST et al., Respondents. ■ Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the site plan approval granted by the Town of Amherst Planning Board to permit Andersons Frozen Custard, Inc. to build and operate a frozen custard stand and restaurant at 6075 Main Street in the Town of Amherst. Special Term dismissed the petition. We affirm.

Town Law § 274-a (1) (a) enables the Town Board to authorize a Planning Board to review and approve site plans. In accordance with the enabling statute, the Town of Amherst vested its Planning Board (Board) with this authority in its zoning ordinance (Town of Amherst Code § 203-9-2), which provides standards for site plan approval (Town of Amherst Code § 203-9-2 [2-3.4]). Accordingly, the Board's authority is limited to a consideration of the layout, design and related aspects of the proposed development and it is not authorized to assume the powers of other town agencies or departments (see, Moriarty v Planning Bd., 119 AD2d 188, 198-199, lv denied 69 NY2d 603; see also, Matter of Apache Assocs. v Planning Bd., 131 AD2d 666). In this case, the Board correctly acted within its scope of authority in granting site plan approval. Moreover, the record demonstrates that the Board took the " 'hard look' " and made the " 'reasoned elaboration' " required in a full SEQRA review (see, Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363). Furthermore, the conference held on July 21, 1986 between several members of the Board and the Deputy Town Attorney regarding prior action taken by the Board did not constitute "the official convening of a public body for the purpose of conducting public business" (Public Officers Law § 102 [1]). No determinations were made at the July 21 assembly which affected the public and would "eventually obtain substance in official form" (Matter of Sciolino v Ryan, 81 AD2d 475, 478). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—art 78.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.