◼ In the Matter of DONALD J. CLINTON et al., Respondents, v CLIFFORD F. SUMMERS, III, et al., Respondents, and LAKE GEORGE ASSOCIATION, Proposed Intervenor-Appellant.—Maho-

ney, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered October 29, 1987 in Warren County, which denied an application by Lake George Association for permission to intervene in a proceeding pursuant to CPLR article 78, and (2) from a judgment of said court, entered October 29, 1987 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Town of Lake George Planning Board imposing certain conditions on the approval of petitioners' site plan.

Petitioners own real property in the Town of Lake George, Warren County, upon which they own and operate a motel. On May 7, 1987, respondent Town of Lake George Planning Board approved the subdivision of petitioners' property into two lots such that lot No. 1 would consist of 2.42 acres with approximately 178 feet of frontage on Lake George and lot No. 2 would contain 4.82 acres with no frontage on the lake. At the time of the approval of the subdivision, all rental units of the motel were to be located on lot No. 2. On lot No. 1 petitioners proposed to build a single-family residence.

Construction of the single-family residence on lot No. 1 started pursuant to a building permit issued on June 24, 1987. Meanwhile, petitioners submitted a site-plan application to the Town Planning Board seeking approval of additional motel units on lot No. 2, as well as expansion of existing units, construction of a swimming pool, creation of additional parking facilities and construction of other amenities. At a June 7, 1987 public hearing held on petitioners' application, petitioners indicated that they would prohibit all vehicular traffic by motel guests across newly designated lot No. 1 and all use of the lakeshore for docking and boating purposes. However, petitioners informed the Town Planning Board that it was not their intention to prohibit pedestrian use of lot No. 1 as a means of access to the lake.

Petitioners' site-plan review application was presented to the Warren County Planning Board, which recommended approval. The Town Planning Board thereafter rendered a negative declaration under the State Environmental Quality Review Act (hereinafter SEQRA) and approved the plan subject to certain conditions, the following two of which are the subject of this appeal: (1) that all motel occupants are prohibited from using the lakeshore property, and (2) that petitioners must construct a fence between lot No. 1 and lot No. 2 and post a sign on that fence stating that no motel occupants are permitted past that point.

Petitioners commenced a CPLR article 78 proceeding challenging the legality of the Town Planning Board's imposition of those two conditions. By order to show cause, the Lake George Association (hereinafter LGA) sought leave to intervene. Supreme Court denied LGA permission to intervene. Supreme Court also granted petitioners' application on the ground that the imposed conditions were arbitrary, capricious, illegal and without a rational basis. These appeals by LGA as proposed intervenor ensued.*

Supreme Court erred in denying LGA's request for permission to intervene. LGA's submissions established that LGA is comprised of approximately 4,000 members who either own property or regularly utilize Lake George for recreational purposes, that LGA membership is open to all Lake George residents and users, and that LGA's purpose is to preserve the environmental quality of the lake. Thus, it seems clear that LGA has a real and substantial interest in the proceeding *(see, McDermott v McDermott,* 119 AD2d 370, *appeal dismissed* 69 NY2d 1028). Additionally, no reason has been shown why LGA should not be allowed to intervene. Accordingly, we hold that Supreme Court abused its discretion in denying LGA's request for permission to intervene.

As an intervenor, LGA contends that the Town Planning Board had the authority to impose the challenged conditions pursuant to the terms of the Town Law, the Lake George Zoning Ordinance and SEQRA. While petitioners do not dispute LGA's contention that the Town Planning Board has the authority to impose reasonable conditions upon the project *(see, Matter of St. Onge v Donovan,* 71 NY2d 507-516), they argue that the Town Planning Board does not have unlimited authority to impose conditions which, as here, are not reasonably designed to mitigate any demonstrable defects *(supra,* at 516-517). We agree with petitioners.

The evidence indicates that petitioners were not going to allow any vehicular traffic from the motel through their lot No. 1 to the lake, thus confining access to the lakeshore to pedestrians. To further discourage use of the lake, petitioners intend to construct a large swimming pool for the motel on lot No. 2. Finally, there is no evidence in the record that would

---

* The Town Planning Board's failure to appeal does not preclude this court from entertaining the proposed intervenor's appeal. The Court of Appeals held in *Auerbach v Bennett* (47 NY2d 619) that if the Appellate Division, in the proper exercise of its discretion, permits intervention, the intervenor has a right to argue all issues as an aggrieved party.

indicate that, despite the increase in number of the motel units, the number of users of Lake George would increase. To the contrary, the installation of a swimming pool on lot No. 2 and the prohibition of any vehicular traffic across petitioners' lot No. 1 to the lake are likely to reduce the number of motel patrons using the lake. Accordingly, the Town Planning Board's imposition of the conditions mandating the construction of a fence and the posting thereon of a sign stating that motel guests may not pass beyond that point is "unrelated to the legitimate purposes of zoning" *(supra,* at 517) and, thus, is arbitrary and capricious. Supreme Court therefore properly annulled the portion of the Town Planning Board's determination which imposed those conditions.

Order reversed, on the law, without costs, and application by Lake George Association for permission to intervene granted.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.