■ In the Matter of CASTLE PROPERTIES COMPANY, Respondent, v RICHARD ACKERSON et al., Constituting the Planning Board of the Town of Ramapo, Appellants.—Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (La Cava, J.), entered October 30, 1989 in Rockland County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Planning Board of the Town of Ramapo imposing certain conditions on the approval of petitioner's site plan.

Petitioner is the owner of a 3.29-acre parcel of real property in the Town of Ramapo, Rockland County. In February 1987, petitioner submitted preliminary site plan drawings to the Town Planning Board for the construction of an office/warehouse building in a planned industry zoning district. The proposed drawings, together with supporting papers including an environmental assessment form, were apparently referred to various town departments and Rockland County agencies for their technical review and comment. In April 1987, petitioner submitted a formal application for site development plan approval of a site plan entitled "K & S Realty".

Thereafter, the site plan was reviewed and approved by the Rockland County Department of Planning, subject to the conditions that petitioner obtain a Department of Transporta-

tion (hereinafter DOT) permit and provide landscaping for aesthetic purposes, and that the town consider taking a road-widening strip. The Planning Board granted preliminary site plan approval with conditions, one of which was that petitioner agree to covenant that if the State required a road widening beyond a right-of-way of 80 feet, it would be provided. In December 1987, petitioner submitted an application for final site plan approval together with drawings in compliance with conditions imposed and recommended with respect to the preliminary site plan approval. In February 1988, the Planning Board granted final site plan approval subject to, *inter alia,* the establishment of an access road along the north side of petitioner's property, which included the requirement of a 60-foot right-of-way. In August 1988, the Planning Board granted revised final site plan approval subject to amending the previous final approval to the extent of, *inter alia,* requiring petitioner to install permanent fountains within drainage retention basins for aesthetic purposes.

Petitioner then commenced the instant CPLR article 78 proceeding challenging the conditions imposed upon its final site plan which required (1) delivery of a deed for a 15-foot road-widening strip to be gratuitously dedicated to the State, (2) relocation of existing telephone poles, (3) paving of a 15-foot road-widening strip to town or State specifications, (4) delivery of a covenant agreeing to gratuitously dedicate an additional 20-foot road-widening strip to the State, if and when required by the State, (5) delivery of a deed for a 30-foot access easement along the rear of petitioner's property for abutting property owners to have unrestricted access over, and (6) furnishing and installing permanent fountains within drainage retention basins. Supreme Court granted petitioner's application, determining that the challenged conditions were arbitrary and unreasonable inasmuch as they were unsupported by empirical data or any other evidence, and remitted the matter to the Planning Board. This appeal by respondents ensued.

It is uncontroverted that a town planning board can impose reasonable conditions on the approval of a site plan to further the health, safety and general welfare of the community *(see,* Town Law § 274-a [1]; *Holmes v Planning Bd.,* 78 AD2d 1, 12-13) and its decision, if "made within the scope of the authority granted it by the local government, will not be set aside unless it is arbitrary or unlawful" *(Matter of Ronsvalle v Blumenthal,* 144 AD2d 766, 767). Respondents contend that the first five of the conditions complained of relate to reducing

traffic problems which allegedly will stem from petitioner's proposed complex, that the fountains were required for aesthetic purposes and that the record substantiates the Planning Board's reasons for imposing all these conditions. In support of the need for road widening, respondents contend that the Planning Board relied in part on the approval given by DOT. The alleged approval by DOT, however, does not indicate that the 15-foot road-widening strip is needed but merely states that DOT "would have no objection" to the strip. In support of the Planning Board's condition requiring the 30-foot easement along the rear of petitioner's property, respondents contend that the Planning Board relied upon a memorandum from a consultant which advised that a service road would lessen traffic congestion. That memorandum, however, indicates that such a service road was at best in a planning stage and may not be able to be included in the construction. Moreover, this is not a situation where the conditions were imposed " 'after an indepth study of various factors, including * * * traffic flow' " *(Matter of Gronbach v Simpkins,* 96 AD2d 1100). Respondents admit that the first five of the conditions relate to traffic-safety improvements but that there is no empirical data to support a finding that the proposed building will affect the flow of traffic, arguing that the lack of such evidence is immaterial. We disagree. Documentary evidence suggests that some of the requirements sought to be imposed might be beneficial; however, there is no evidence to support a finding that the first five conditions are *needed* other than the conclusion, based upon mere speculation, that traffic will be adversely affected by the project. Accordingly, since the record provides no evidentiary basis for these conditions imposed by the Planning Board, its decision therein was arbitrary and capricious *(see, Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 58 NY2d 800, 803; *Matter of Ferrigan v Thompson,* 135 AD2d 953, 954, *appeal dismissed* 72 NY2d 854).

As to the condition imposing the construction of permanent fountains, respondents contend that they constitute landscaping *(see,* Town Law § 274-a [1]) which is required in this case for aesthetic purposes. Even assuming that permanent water fountains are to be considered landscaping, we find nothing in the record to show how the fountains would be aesthetically pleasing, whether they were needed to make the building physically pleasing, or whether any less expensive alternatives were considered. Although the Planning Board could impose reasonable conditions, it did "not have unlimited authority to impose conditions which, as here, are not reasonably designed

to mitigate any demonstrable defects" *(Matter of Clinton v Summers,* 144 AD2d 145, 147).

Finally, we reject respondents' claimed error in how the matter was remitted to the Planning Board for reconsideration. Supreme Court directed that the matter be remitted for further proceedings consistent with its decision. Accordingly, the Planning Board is not precluded from reviewing the plan without the widening they had imposed, but is actually bound to review such pursuant to Supreme Court's direction, together with all other relative matters asserted by respondents herein. "[W]here a planning board's decision is set aside, it is generally more proper to remit a matter for the imposition of pertinent conditions or requirements" *(Maiter of Viscio v Town of Guilderland Planning Bd.,* 138 AD2d 795, 798).

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.