■ In the Matter of J & R Esposito Builders, Inc., Appellant, v Richard Coffman, as Acting Chairman of the Planning Board of the Village of Valley Stream, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Village of Valley Stream, dated January 5, 1990, which denied the petitioner's application for site plan approval, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Saladino, J.), entered July 6, 1990, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination dated January 5, 1990, is annulled, and the respondents are directed to grant site plan approval forthwith.

The petitioner is the owner of a parcel of real property known as 159 North Corona Avenue, in Valley Stream. The property is 90.08 feet wide fronting on North Corona Avenue, and has a depth of 155 feet. It is located in an "R-1" residential district of the Village, which requires a minimum frontage width of 50 feet in order to construct a one-family dwelling.

On or about November 28, 1989, the Board of Zoning Appeals of the Village of Valley Stream granted the petitioner's application for a variance from the 50-foot minimum-frontage width requirement so that two single family residences could be constructed on the property, each on a lot with a frontage width of 45.04 feet.

On December 28, 1989, the respondent Planning Board of the Village of Valley Stream conducted a public hearing to determine whether the petitioner's proposed site plan should be approved. The respondent Planning Board reviewed the minutes of the public hearing conducted by the Board of Zoning Appeals in connection with the petitioner's application for a variance, and considered opposition from adjoining residents who voiced concern about such things as traffic conditions on North Corona Avenue and the impact on essential public services. On January 5, 1990, the respondent Planning Board issued a written decision denying subdivision approval on the ground that the Village zoning ordinance does not permit lots with a frontage width of less than 50 feet. The Planning Board expressed the view that approval would set a bad precedent and create a burden on community services.

The respondent Planning Board was without power to deny site plan approval on the ground that the proposed use is in

violation of the zoning ordinance. The power to interpret the provisions of the local zoning law is vested exclusively in the Board of Zoning Appeals, which in this case, had already approved the proposed use by the petitioner. Accordingly, the Planning Board's action based on this stated ground was a nullity (see, Matter of Gershowitz v Planning Bd., 52 NY2d 763, 765; Moriarty v Planning Bd., 119 AD2d 188; Rattner v Planning Commn., 103 AD2d 826). In addition, a planning board may not base its decision solely upon its view of what is beneficial for the public health, safety, and general welfare without reference to the specific design and layout factors enumerated in Village Law § 7-725 (see, Matter of Apache Assocs. v Planning Bd., 131 AD2d 666; Moriarity v Planning Bd., supra; cf., Matter of Pittsford Plaza Assocs. v Spiegel, 66 NY2d 717). There is simply no evidence in the record to support the respondent Planning Board's determination that approval of the petitioner's site plan would have a detrimental effect on traffic conditions or community services in the Village. Accordingly, its determination must be annulled.

In light of our determination on this issue, we need not address the petitioner's remaining contention. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.