Requestor: Doris F. Ulman, Esq., Village Attorney Village of Chestnut Ridge 16 Doe Drive Suffern, N Y 10901
Written by: Siobhan S. Crary, Assistant Attorney General
You have asked whether the village planning board may refuse to hear an application when (1) the applicant has been cited by the building inspector for an existing violation on the property that is the subject of the application; (2) the property is in violation of a previously approved site plan and the new application for a revised site plan does not correct the problem; or (3) there is a violation on a second piece of property owned by the applicant that is not the subject of the application.
We conclude that the board may not refuse to hear an application in any of the circumstances described above. Village Law § 7-718
authorizes the village board of trustees to create a planning board. Section 7-725-a provides that the trustees may by local law authorize the planning board to conduct site plan review. The statute provides that the planning board may review and approve, approve with modifications, or disapprove proposed site plans. Village Law § 7-725-a(2). The statute does not expressly authorize the planning board to refuse to hear an application if the applicant has been cited by the building inspector, nor does it set forth any other circumstances in which the board may refuse to hear an application. The statute gives the board no express power to enforce building codes or to penalize applicants who have been cited for violations. It provides that the board shall make a decision on an application within sixty-two days after the date the application is received, or, if a public hearing is required by local law, within sixty-two days after the conclusion of the hearing. Id.,
§ 7-725-a(7).
Section 7-725-a of the Village Law states that the local law authorizing the planning board to conduct site plan review shall specify the land uses that require site plan approval and the elements to be included in a plan submitted for approval. The statute then sets forth elements that may be required to be included in a site plan, among them parking, means of access, screening, signs, landscaping, location and dimension of buildings and other elements specified by the trustees. A board may not base its determination on criteria other than those set forth in the statute. Matter of Apache Associates v Planning Board of the Village ofNyack, 131 A.D.2d 666 (2d Dept 1987).
The statute does not provide that an applicant must establish that the property is in compliance with local zoning regulations or building codes. Presumably, the zoning and building enforcement officer will withhold a building permit until the violations are corrected. (If a proposed site plan contains features that are not in compliance with zoning regulations, the applicant may apply to the zoning board of appeals for an area variance without a determination of the zoning enforcement officer. Village Law § 7-725-a[3].)
The Village Law also provides that the board of trustees may authorize the planning board to grant special use permits (§ 7-725-b) and to approve preliminary and final plats of subdivisions (§ 7-728). None of the statute sections authorizing such activities expressly empowers the planning board to refuse to hear an application because there are outstanding citations on the property or for any other reasons. The statutes require the board to conduct public hearings and to issue decisions within sixty-two days of the hearing. Id., §§ 7-725-b(6), 7-728(5)(c), (6)(b) and (6)(c)(iii).
Similarly, we conclude that the planning board may not refuse to hear an application if there is a violation on property owned by the applicant that is not the subject of the current application. As discussed above, there is no express authority for the planning board to refuse to hear an application as a result of violations. Moreover, the statutes authorizing the planning board to conduct site plan review, grant special permits and approve subdivision plats all contemplate review of particular land use, not review of the qualifications of a particular individual to engage in that land use. It would be inappropriate for the planning board to look beyond the substance of a particular application and take into account the activities of the applicant at other sites. See, St. Onge v Donovan,71 N.Y.2d 507, 514-517 (1988), where the Court concluded that conditions imposed on the grant of a variance must relate only to the use of the property that is the subject of the application without regard to the person who owns or occupies the property.
Nor do we believe that the board may refuse to hear an application for approval of a revised site plan if the property is in violation of the previously approved plan and the proposed revision does not correct the problem. However, the board properly could deny the new application if it does not meet the statutory criteria or other standards contained in local law. The planning board could require that deficiencies in the existing site be corrected, as a condition of approval of the revised site plan. The revised site plan would not comply with local regulations if the underlying site, which it proposes to amend, has deficiencies. But the planning board is not authorized simply to refuse to hear the application.
We conclude that a village planning board may not refuse to hear an application for site plan approval.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.