◼ In the Matter of RAMON FRANCO, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [658 NYS2d 725] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, an otolaryngologist (ear, nose and throat specialist) practicing in New York, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with two counts of professional misconduct: practicing the profession fraudulently and failing to maintain accurate medical records. The fraud charge was based on petitioner's treatment of five patients, A through E. The charges were set out in the alternative. It was alleged that petitioner either billed GHI, the insurance carrier of these five patients, for endoscopies which were not performed or, if they were in fact performed, they were medically unnecessary.

Following a hearing pursuant to Public Health Law § 230, the Hearing Committee found that petitioner performed none of the endoscopies he billed GHI for; they also found that in 15 of 18 instances where tests were performed, they were not medically necessary. The Hearing Committee also found that petitioner failed to maintain accurate medical records as to all five patients in failing to note the performance of endoscopies on the days he claimed to have performed them. Petitioner's license was revoked. Petitioner commenced this proceeding to annul the Hearing Committee's determination and the revocation of his license was stayed pending this appeal.

Our inquiry here is limited to whether the determination of guilt by a preponderance of evidence is established by substantial evidence in the record (*see, Matter of Hachamovitch v State Bd. for Professional Med. Conduct*, 206 AD2d 637, 638, *lv denied* 84 NY2d 809). In view of the inconsistent findings of the Hearing Committee, we find that the determination is not supported by substantial evidence and is arbitrary and capri-

cious.* We note that there is no evidence in the record that the tests billed for were not performed. GHI's representative testified that no inquiry was made of any of these patients regarding whether the tests were performed. The expert for BPMC, Andrew Cheng, was unable to indicate whether the tests were done. Respondent relies solely on petitioner's failure to document their occurrence by a notation in the patient's record to prove that the tests were not done.

Petitioner offered the testimony of the parent of patient E (a small child) to prove that the endoscopies were in fact done. Also, by stipulation of both parties, it was conceded that the endoscopies were performed on patients A and B. Petitioner testified that he could not locate the two remaining patients. The events underlying the charges, we note, were eight years old at the time of the hearing.

Petitioner personally testified that these tests were done on all five patients as claimed, that he does repeat endoscopies on patients with persistent complaints or on those as to whom he has concerns which only an endoscopy can resolve, and that circumstances existed as to each of the five patients requiring endoscopies. Based on the record, respondent has failed to prove by substantial evidence that petitioner did not perform the endoscopies.

Regarding the Hearing Committee's second finding, the lack of medical necessity for 15 of the 18 endoscopies performed, the main support for this contention came from testimony of Cheng. His testimony was at best tentative. As to 13 subsequent endoscopies performed by petitioner, after an initial examination of each patient, and as to both endoscopies performed on patient E, Cheng opined that these were unnecessary. However, he also testified that it was in the discretion of the treating physician to decide which diagnostic procedures were appropriate. He indicated that endoscopies were atraumatic and noninvasive, and that they took only a few minutes to perform. He testified that he would not quarrel with a physician's decision to use such a test if the treating physician's decision was that he needed it to examine a patient. Under such circumstances, he stated that he would not consider the procedure medically improper. In any event, he found a minimal downside to performing subsequent endoscopic procedures. Petitioner testified that the repeat diagnostic procedures were done by him because the patients involved had troublesome cases. They

---

* Respondent concedes the inconsistency of the Hearing Committee's decision and requests an opportunity to resubmit the case for the Hearing Committee's reconsideration.

complained of the same symptoms and he scoped them on subsequent visits to see if he had missed anything in view of the persistence of the complaints. We conclude that the testimony, as a whole, fails to establish by substantial evidence that the procedures engaged in were medically unnecessary.

Based on the failure of respondent to prove that petitioner defrauded GHI by charging for tests not performed or by ordering tests not medically indicated, the determination that petitioner practiced medicine fraudulently is annulled (see, Matter of Amarnick v Sobol, 173 AD2d 914, 915). In reaching this conclusion, we have not resolved credibility issues against respondent or assessed the weight of respondent's expert witness as unworthy of acceptance. We merely find that the record simply lacks evidence to support either conclusion—that no tests were performed and, if performed, that 15 of 18 were medically not indicated (see, Matter of Chua v Chassin, 215 AD2d 953, 955, lv denied 86 NY2d 708). We further note that there is no benefit to returning the matter to the Hearing Committee to resolve their inconsistent findings in view of the paucity of the evidence to sustain a finding of fraud on either basis.

As to the failure to maintain medical records, that is, failing to note the fact that an endoscopy was performed and/or to note the diagnosis requiring such testing, this charge is sustained. We note additionally that the Hearing Committee made several other findings regarding surgeries it found not to have been performed but charged for by petitioner and other record inadequacies. These additional matters were not encompassed in the charges. They are thus found not relevant to the matters before us and these findings are annulled.

In view of the annulment of the charge of fraud, the penalty is also ordered annulled and the matter is remitted to respondent for reconsideration of a new penalty.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of practicing medicine fraudulently and imposed a penalty of revocation; the matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.