Informal Opinion No. 98-15 Emily Pines, Esq. Town Attorney Town of Brookhaven 3233 Route 112 Medford, N Y 11763
Dear Ms. Pines:
You have requested an opinion regarding whether the Town of Brookhaven may require a developer/sponsor of a Planned Retirement Community ("PRC") to provide transportation for PRC residents to off-site shopping and/or medical facilities. In a telephone conversation, you narrowed your opinion request to whether the town may require the developer to include this transportation in its site plan for the development. Thus, your question relates to the permissible scope of land use regulations.
You have informed us that the Town of Brookhaven currently operates a Brookhaven Jitney service to provide transportation for the elderly to medical appointments within the town limits. However, you are concerned that an influx of PRCs within the town may put a strain on that service and prevent Brookhaven from providing all of the needed transportation. Accordingly, you have inquired whether the Town of Brookhaven may amend its zoning law to include transportation for PRC residents to off-site shopping and/or medical facilities as one of the "required site plan elements" for site plan approval or whether site plan approval may be conditioned upon the provision of such transportation.
The Town of Brookhaven requires site plan review and approval for all PRCs. Brookhaven Code §§ 85-94, 85-106. Site plan review is governed by Town Law § 274-a. Section 274-a provides, in pertinent part, as follows:
 Site plans shall show the arrangement, layout and design of the proposed use of the land on said plan. The ordinance or local law shall specify the land uses that require site plan approval and the elements to be included on plans submitted for approval. The required site plan elements which are included in the zoning ordinance or local law may include, where appropriate, those related to parking, means of access, screening, signs, landscaping, architectural features, location and dimensions of buildings, adjacent land uses and physical features meant to protect adjacent land uses as well as any additional elements specified by the town board in such zoning ordinance or local law. Town Law § 274-a(2)(a).
Transportation is not a specifically enumerated site plan element. The only possible category that might encompass transportation is "any additional elements specified by the town board." This language, added to Town Law § 274-a(2)(a) in 1993, has yet to be interpreted by the courts. However, "it is likely that the revised language will be construed in a manner such that a board's `authority is limited to a consideration of the layout, design and related aspects of the proposed development'." Rice, Practice Commentaries, Town Law § 274-a
(quoting, Hill v. Planning Board of the Town of Amherst, 140 A.D.2d 967,968 [4th Dept 1988]). Transportation of PRC residents to off-site shopping and/or medical facilities is unrelated to the layout, design and related aspects of the site. Therefore, there does not appear to be statutory authority which would enable the Town of Brookhaven to amend its zoning law to include transportation as one of the "required site plan elements."
In addition to the "required site plan elements," a town planning board may also "impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan." Town Law § 274-a(4). "Conditions imposed as an incident of approval in a development permit control system are a major weapon in a planner's arsenal. Conditions allow flexibility and fairness in land use and development control decisions, and provide the ability to deal with problems . . . barely contemplated under zoning schemes." Holmes v.Planning Board of the Town of New Castle, 78 A.D.2d 1, 14 (2d Dept 1980).
However, although a town planning board may attach conditions to its approval of a site plan, its power to do so is limited. Any condition so imposed must be reasonable and must relate only to the proposed use of the property. See, St. Onge v. Donovan, 71 N.Y.2d 507, 516 (1988). "Such conditions might properly relate `to fences, safety devices, landscaping, screening and access roads relating to period of use, screening, outdoor lighting and noises, and enclosure of buildings and relating to emission of odors, dust, smoke, refuse matter, vibration noise and other factors incidental to comfort, peace, enjoyment, health or safety of the surrounding area".: St. Onge v. Donovan,71 N.Y.2d at 516
(quoting, Matter of Pearson v. Shoemaker, 25 Misc.2d 591, 592 [Sup Ct, Rockland County 1960]). But, a town planning board may not require an off-site improvement as a condition of approval. See, Valmont Homes,Inc. v. Town of Huntington, 89 Misc.2d 702, 704 (Sup Ct, Suffolk County 1977); Peckham Industries v. Ross, 61 Misc.2d 616 (Sup Ct, Orange County), affd, 34A.D.2d 826 (2d Dept), lv denied, 27 N.Y.2d 485 (1970). The provision of transportation for PRC residents to off-site shopping and/or medical facilities is an off-site condition unrelated to the proposed use of the property. Therefore, the Town of Brookhaven may not condition site plan approval upon the provision of such transportation.
We conclude that the Town of Brookhaven is not authorized to amend its zoning law to require transportation of PRC residents to off-site shopping and/or medical facilities and may not condition site plan approval upon the provision of such transportation.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General