■ In the Matter of RUTH DeMARCO, Respondent, v VILLAGE OF ELBRIDGE et al., Appellants. [674 NYS2d 245] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Planning Board of Village of Elbridge for further proceedings in accordance with the following Memorandum: Supreme Court properly annulled the determination of respondent Planning Board of the Village of Elbridge (Planning Board) and ordered that petitioner is not required to reimburse respondent Village of Elbridge for attorney's fees. The findings of the Planning Board are arbitrary and capricious and its denial of petitioner's site plan application is not supported by substantial evidence (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892). The minutes of the April 23, 1996 Planning Board meeting establish that the Chairman announced findings of fact, including findings that there would be no adverse effect on vehicular and pedestrian safety and that offensive levels of noise, dust, fumes or flashing lights were not applicable to the project. At the same meeting, however, the Planning Board thereafter adopted a resolution denying the site plan application. The resolution contained findings of fact that were inconsistent with those announced by the Chairman at the Planning Board's meeting. Specifically, the resolution contained findings that trucks operating in the buffer area would be a nuisance to neighboring residential owners and that there would be noise from fans that may run day and night, which would be incompatible with the surrounding residential districts. Because those two findings in the resolution are inconsistent with findings announced by the Chairman at the meeting, they

are arbitrary and capricious (*see, e.g., Matter of Franco v State Bd. for Professional Med. Conduct*, 240 AD2d 869).

Furthermore, in its resolution, the Planning Board found that the agricultural nonconforming use of the property had been abandoned and could not, pursuant to the Zoning Ordinance, resume. The Planning Board further found that, even if the nonconforming use was not abandoned, the proposed erection of the greenhouses constituted an impermissible expansion of that use. Because the Planning Board is not vested with the authority to interpret the Zoning Ordinance, it exceeded its authority insofar as it denied petitioner's application based upon those findings (*see,* Village Law § 7-725-a [2] [a]; *Matter of Esposito Bldrs. v Coffman*, 183 AD2d 828; *Moriarty v Planning Bd.*, 119 AD2d 188, 196-197, *lv denied* 69 NY2d 603).

Finally, the Planning Board's finding that the property values in the adjoining residential district would decrease if the site plan were approved is not supported by the record and is therefore arbitrary and capricious (*see, Matter of C & A Carbone, Inc. v Holbrook*, 188 AD2d 599, 600).

Five of the Planning Board's eight findings are arbitrary and capricious or an abuse of discretion, and thus the denial of the site plan application is not supported by substantial evidence and was properly annulled. It is not clear from the record that petitioner is entitled to site plan approval. Thus, we modify the judgment by vacating the third decretal paragraph, and we remit this matter to the Planning Board for a new determination. That determination must be based upon evidence presented at a public hearing, and the Planning Board's findings of fact must be consistent with that evidence and must be based upon the proper standard for reviewing a site plan application (*see generally, Matter of Fischlin v Board of Appeals*, 176 AD2d 50, 53). (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—CPLR art 78.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Fallon, JJ.