In the Matter of MARSHA JAMIL et al., Appellants, v VILLAGE OF SCARSDALE PLANNING BOARD et al., Respondents. [808 NYS2d 260]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Scarsdale Planning Board dated April 23, 2003, which, after a hearing, granted the application of Realm, LLC, for site plan approval, lot merger approval, a special use permit, and a wetlands permit in connection with its proposal to construct an assisted living facility, the appeal is from a judgment of the Supreme Court, Westchester County (Dickerson, J.), entered August 4, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Realm, LLC (hereinafter Realm), is the owner of a parcel of real property, located primarily in the Village of Scarsdale, upon which it seeks to construct an assisted living facility for senior citizens. The portion of the property lying within the Village is situated within a residential zone in which a hospital or a nursing home may be constructed pursuant to a special use permit (*see* Scarsdale Village Code § 310-7F [3], [4]; § 310-89A). The Scarsdale Village Code does not include a provision for the construction of an assisted living facility. In 1998, however, in reviewing Realm's proposal, the Village's building inspector determined that an assisted living facility was a variety of nursing home and, thus, was a permitted use of Realm's property, subject to the issuance of a special use permit by the Village of Scarsdale Planning Board (hereinafter the Planning Board).

During the planning and environmental review process, the petitioners, who reside in a home adjacent to Realm's property, added their voices to the opposition. In 2002 the petitioners challenged the building inspector's determination that Realm's proposed assisted living facility was a variety of nursing home, but the Village of Scarsdale Zoning Board of Appeals rejected their challenge as untimely. The Supreme Court upheld that determination in 2003 and dismissed the petitioners' prior CPLR article 78 proceeding. The petitioners' appeal from that order was dismissed for neglect to prosecute.

Insofar as relevant to this appeal, the Planning Board issued the requested special use permit and related approvals in April 2003, incorporating the 1998 determination of the Village's building inspector that Realm's proposed assisted living facility

is a variety of nursing home permitted in the subject residential district. The petitioners commenced this proceeding, inter alia, to challenge that determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Contrary to the petitioners' contentions, the Planning Board did not act in an arbitrary and capricious manner insofar as it relied upon the determination of the building inspector that a proposed facility was permitted as a special use within the relevant residential zone. The Planning Board is without power to interpret the provisions of the local zoning law, a power which is vested exclusively in the building inspector and the Zoning Board of Appeals (*see* Village Law § 7-712-a [4]; § 7-712-b [1]; Scarsdale Village Code § 310-91; *Matter of J & R Esposito Bldrs. v Coffman*, 183 AD2d 828, 828-829 [1992]; *see also Matter of DeMarco v Village of Elbridge*, 251 AD2d 991 [1998]; *Matter of Apostolic Holiness Church v Zoning Bd. of Appeals of Town of Babylon*, 220 AD2d 740, 743-744 [1995]). Thus, contrary to the petitioners' contention, the Planning Board was without authority to deny the approvals sought by Realm based upon a contrary interpretation of the zoning ordinance.

In any event, the building inspector's interpretation of the zoning law, which is entitled to deference, was not irrational (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]).

The petitioners' remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.