■ In the Matter of BARRY RICHTER et al., Respondents, v ROBERT DELMOND et al., Appellants. [824 NYS2d 327]—

In a proceeding pursuant to CPLR article 78 to review conditions 9 and 13 of a determination of the Site Plan Review Board of the Incorporated Village of Freeport, dated December 21, 2004, which conditionally granted the petitioners' application for approval of a site plan, the appeal is from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated May 17, 2005, which granted the petition and annulled conditions 9 and 13.

Ordered that the judgment is affirmed, without costs or disbursements.

In order to build a two-story dwelling on the subject substandard lot, the petitioners applied for and eventually obtained from the Board of Zoning Appeals of the Village of Freeport (hereinafter the BZA), inter alia, a front yard setback variance from 20 feet to 17 feet. The petitioners then applied to the Site Plan Review Board of the Incorporated Village of Freeport (hereinafter the PRB) for site plan approval. After a public hearing, the PRB granted the approval, but made it subject to 14 conditions. The petitioners brought the instant CPLR article 78 proceeding against the PRB to annul two of those conditions, which, in effect, overruled the BZA's prior grant of the front yard setback variance and required that the footprint of the house be modified. The Supreme Court granted the petition, annulling and striking conditions 9 and 13 from the PRB's approval. The PRB appeals. We affirm.

Condition 9 in the PRB's determination expressly reimposed the 20-foot front yard setback. The PRB contends that the condition was based not upon its interpretation of applicable zoning requirements (*see* Code of Incorporated Village of Freeport, ch 210), but rather upon the exercise of its own authority, inter alia, over whether the proposed development provided for "sufficient and adequate off-street parking" (Code of Incorporated Village of Freeport § 209-7 [A] [6]; *see* Village Law § 7-725-a [2] [a]). Although the PRB was entitled to make a determination pursuant to its own independent authority (*see* *Matter of Pittsford Plaza Assoc. v Spiegel*, 66 NY2d 717 [1985]),

under the circumstances presented, the PRB's exercise of authority here was arbitrary and capricious.

"[T]he determination of a municipal land use agency must be confirmed if it 'was rational and not arbitrary and capricious' " (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005], quoting *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). Here, the PRB adduced no evidence, other than generalized testimony by neighbors, to show that an increase in the front yard setback was necessary to alleviate traffic and parking conditions (*see Matter of J & R Esposito Bldrs. v Coffman*, 183 AD2d 828, 829 [1992]). Thus, the imposition of condition 9 had no objective factual basis in the record, but instead rested on "subjective considerations such as general community opposition" (*Matter of Halperin, supra* at 772). It was therefore arbitrary and capricious. A planning board may not impose conditions that are not reasonably designed to mitigate some demonstrable defect (*see Matter of Castle Props. Co. v Ackerson*, 163 AD2d 785, 787-788 [1990]; *Matter of Clinton v Summers*, 144 AD2d 145, 147 [1988]).

Similarly, to the extent that condition 13 purported to vary any previously-approved bulkhead setback requirement, and assuming, without deciding, that the PRB had the authority to impose such a condition, it was unsupported by any evidence in the record and, as such, also was properly annulled and stricken as arbitrary and capricious. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.