# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**187**
**CA 11-01555**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF THAD L. KEMPISTY AND MICHAEL
KEMPISTY, PETITIONERS-APPELLANTS,

                           V                           MEMORANDUM AND ORDER

TOWN OF GEDDES, EMANUELE FALCONE, SUPERVISOR,
CHRISTOPHER RYAN, JERRY ALBRIGO, DANIEL PATALINO,
E. ROBERT CZAPLICKI, PAUL VALENTI AND VINCENT
PALERINO, CONSTITUTING THE TOWN BOARD OF TOWN OF
GEDDES, TOWN OF GEDDES PLANNING BOARD, AND
PETER J. ALBRIGO, AS CODE ENFORCEMENT OFFICER OF
TOWN OF GEDDES, RESPONDENTS-RESPONDENTS.

---

ROBERT LOUIS RILEY, SYRACUSE, FOR PETITIONERS-APPELLANTS.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NADINE C. BELL OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered October 14, 2010 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, denied the petition in part.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting those parts of the petition seeking to annul the determination insofar as it imposed conditions three through eight upon approval of the amended site plan and as modified the judgment is affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the individual respondents constituting the Town Board of Town of Geddes (Town Board) approving their amended site plan with certain conditions. Supreme Court denied the petition except insofar as it sought to annul conditions 1 (c) and 1 (d) of the Town Board resolution approving the amended site plan. Petitioners appeal from the judgment insofar as it denied the remaining relief requested in the petition. We agree with petitioners that conditions three through eight of the resolution are arbitrary and capricious, and we therefore modify the judgment by granting those parts of the petition seeking to annul the determination insofar as it imposed those conditions upon approval of the amended site plan.

Petitioner Thad L. Kempisty is the owner of two contiguous

parcels of property (hereafter, properties) in the Town of Geddes (Town), and petitioner Michael Kempisty is the lessee of the properties. The first parcel, a .50-acre lot located at 1187 State Fair Boulevard and identified as Onondaga County Tax Map No. 019-01-11.1 (hereafter, developed property), contains various family businesses, including, inter alia, a motor vehicle dealership and an automotive repair business. The second parcel, a 1.13-acre lot identified as Onondaga County Tax Map No. 019-01-12.2, is vacant (hereafter, undeveloped property). Thad Kempisty purchased the undeveloped property in order "to expand the family business . . . ." Specifically, petitioners sought to establish "a vehicle and equipment sales and repair facility" on the undeveloped property.

Both properties are zoned as "Commercial C: Heavy Commercial District" pursuant to section 240-17 of the Zoning Ordinance of the Town Code. The Town Code provides that, "after site plan review," permitted uses in Heavy Commercial Districts include, inter alia, motor vehicle sales and motor vehicle service and repair, as well as accessory buildings and structures for those uses (§ 240-17 [A]). Because the developed property was used for motor vehicle sales, service and repair prior to the adoption of the current Town Code, that property did not undergo site plan review.

Thad Kempisty submitted a site plan review application seeking approval for a "[p]roposed motor vehicle sales lot [with] office and accessory vehicle inventory area" to be located on the undeveloped property. In a letter of intent to the Town, Thad Kempisty explained that he was "looking to expand and reconfigure [his] vehicle sales and service operations located [on the developed property]" and that the purchase of the undeveloped property would "allow [him] to better organize and give [his] operation a better scope for the future, aesthetically and financially." The Town Board referred the site plan application to petitioner Town of Geddes Planning Board (Planning Board) for review and recommendation.

While the application was under review, the Town concluded that the site plan review process should include the developed property as well as the undeveloped property. Petitioners therefore submitted an amended site plan review application. The amended application listed both the developed and undeveloped properties, but it stated that the developed property was "included [i]n [p]rotest [inasmuch] as it is a legal non-conforming use." Petitioners described the project as a proposed motor vehicle sales and repair facility with accessory vehicle inventory area on the undeveloped property and an existing motor vehicle sales and repair facility, construction yard and wholesale business on the developed property.

The Planning Board voted to recommend the approval of the amended site plan subject to four conditions, and the Town Board subsequently passed a resolution approving the amended site plan subject to 12 conditions. The 4 conditions proposed by the Planning Board were incorporated into the first condition of the resolution, and the second condition incorporated conditions of approval set forth by the Town Zoning Board of Appeals. Conditions three through eight imposed

special conditions set forth in section 240-25 (D) (4) and (5) of the Town Code, for motor vehicle service and repair facilities and motor vehicle sales facilities where such uses require a special permit.

It is well settled that " '[a] local planning board has broad discretion in reaching its determination on applications . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion' " (*Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven*, 73 AD3d 925, 926). We reject petitioners' contention that the Town Board and Planning Board abused their discretion in requiring petitioners to include the developed property in their amended application for site plan review. Petitioners are correct that, because they used the developed property for motor vehicle sales, service and repair prior to the amendment of the Town Code in 1988, those legal nonconforming uses were permitted to continue without site plan review (*see generally* Town Code § 240-22 [A]). Pursuant to Town Code § 240-22 (B), however, "[a] legal nonconforming use may not be enlarged to occupy . . . additional lot space nor be converted to another use except in conformance with this chapter," and, here, the Town properly determined that the proposed use of the undeveloped property was, in effect, an enlargement of the nonconforming use on the developed property.

As noted above, Thad Kempisty acknowledged that he purchased the undeveloped property in order to expand the motor vehicle sales and repair businesses operated on the developed property. The record reflects that, shortly after Thad Kempisty purchased the undeveloped property, he began to store vehicles on that property in connection with the repair business operated on the developed property. Indeed, Thad Kempisty admitted at the November 2009 trial on his alleged violations of the Town Code that he occasionally stored vehicles and machinery connected with his repair business on the undeveloped property. Thus, inasmuch as the record reflects petitioners' intent to use the undeveloped property to expand the business located on the developed property, we conclude that the Town Board and Planning Board did not abuse their discretion in requiring petitioners to include the developed property in their amended site plan review application (*see generally* Town Code § 240-22 [B]; *cf. Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 371-374; *Leemac Sand & Stone Corp. v Anderson*, 57 AD2d 916).

We agree with petitioners, however, that the Town Board abused its discretion and acted arbitrarily and capriciously in imposing conditions three through eight, i.e., the conditions for a special permit, upon its approval of the amended site plan. "It is uncontroverted that a town . . . board [may] impose reasonable conditions on the approval of a site plan to further the health, safety and general welfare of the community . . . and its decision, if 'made within the scope of the authority granted it by the local government, will not be set aside unless it is arbitrary or unlawful' " (*Matter of Castle Props. Co. v Ackerson*, 163 AD2d 785, 786; *see also Matter of Twin Town Little League v Town of Poestenkill*, 249 AD2d 811, 813, *lv denied* 92 NY2d 806). Indeed, pursuant to Town

Law § 274-a (4), "[t]he authorized board shall have the authority to impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan." Such conditions, however, " 'must be reasonable and relate only to the real estate involved without regard to the person who owns or occupies it' " (*Matter of St. Onge v Donovan*, 71 NY2d 507, 515, quoting *Matter of Dexter v Town Bd. of Town of Gates*, 36 NY2d 102, 105). Further, "[a] planning board may not impose conditions that are not reasonably designed to mitigate some demonstrable defect" (*Matter of Richter v Delmond*, 33 AD3d 1008, 1010).

Here, conditions three through eight of the resolution required petitioners to modify their site plan "[i]n accordance with the special conditions set forth in" Town Code § 240-25 (D) (4)-(5), i.e., the special conditions for a special permit to operate a motor vehicle service and repair facility or motor vehicle sales facility. Pursuant to section 240-25 (A), the Town Zoning Board of Appeals "may authorize the issuance of a special permit *for those uses requiring a special permit pursuant to each zoning district's regulations*" (emphasis added). Here, however, the properties are located in a Commercial C: Heavy Commercial District, in which motor vehicle sales, service and repair are permitted uses upon site plan review (§ 240-17 [A] [4]-[5]). Thus, a special permit is not required. Indeed, respondent Emanuele Falcone, Town Supervisor, admitted in his affidavit in support of the Town's motion to dismiss the petition that "the Town Board took note that motor vehicle service and repair and motor vehicle sales facilities are subject to special permit approval in every zoning district wherein such uses are permitted, *except the Commercial C: Heavy Commercial District*" (emphasis added). Nevertheless, Falcone stated that, "*given the long and continuing history of noncompliance with Town Code provisions by . . . Thad Kempisty*, the Town Board decided to adopt and apply the special permit conditions relating to the operation of motor vehicle sales and motor vehicle service and repair, as set forth in [section 240-25 (D)] . . . ."

Thus, it is apparent from the record that the Town's determination to impose special permit conditions on its approval of the amended site plan was based upon Thad Kempisty's alleged history of zoning violations and the acrimonious relationship between the Town and petitioners, rather than upon the need to "minimiz[e] [any] adverse impact that might result from the grant of the [application]" (*Twin Town Little League*, 249 AD2d at 813; *see Richter*, 33 AD3d at 1010). The Town's determination with respect to conditions three through eight runs afoul of the "fundamental principle" that "conditions imposed on the [approval of a site plan] must relate only to the use of the property that is the subject of the [site plan] without regard to the person who owns or occupies that property" (*St. Onge*, 71 NY2d at 511).

We have reviewed petitioners' remaining contentions and conclude that they are without merit.

Entered:  March 16, 2012                     Frances E. Cafarell
                                             Clerk of the Court